# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:07-CV-162-M**

**WELLIE PAUL GRANT**                                                                 **PLAINTIFF**

**V.**

**WILLIAM KNIGHT JR., individually
and in his official capacity as JAILER
ADAIR COUNTY, KENTUCKY;
ANN MELTON, individually and in her
official capacity as JUDGE EXECUTIVE,
ADAIR COUNTY, KENTUCKY; and
ADAIR COUNTY, KENTUCKY**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion for summary judgment on Plaintiff's Fourteenth Amendment claim of deliberate indifference to a serious medical need brought pursuant to 42 U.S.C. § 1983. Fully briefed, the matter is ripe for decision. For the reasons that follow, Defendants' motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Wellie Paul Grant was incarcerated in the Adair County Detention Center on or about June 11, 2006 through October 31, 2007, when he was found incompetent to stand trial and was moved to the Eastern State Hospital in Lexington, Kentucky. Grant's 42 U.S.C. § 1983 claim against the Detention Center, its Jailer, and the County's Judge Executive involves two theories of deliberate indifference to his serious medical needs as a pretrial detainee: (1) the failure to provide him with medical care after he was allegedly injured by

another inmate on February 9, 2007; and (2) the failure to timely provide him with his prescription medications.

## II. STANDARD

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986).  The rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

Defendants argue that they are entitled to summary judgment because Grant has failed to adduce any evidence from which a jury could reasonably find that they were deliberately indifferent to his serious medical needs. Plaintiff, on the other hand, contends that "[a]ll [the] evidence in the record shows that Defendants failed to timely and appropriately treat a serious injury to Mr. Grant and refused to consistently provide the required medical treatment and prescription medication necessary to treat his heart condition," i.e., "Defendants actually admit the failure to dose Mr. Grant with his prescription medications appropriately . . . and Defendants own records show the failure to promptly and properly allow Mr. Grant access to medical care for his injury." (Plaintiff's Response, pp. 2-3). The Court agrees with the Defendants.

The Due Process Clause of the Fourteenth Amendment guarantees to pretrial detainees the right to adequate medical treatment as determined by the Eighth Amendment deliberate-indifference standard of care. Ford v. County of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008) (citation omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain,'" Miller v. Calhoun County, 408 F.3d 803, 812 (6th Cir. 2005) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)), and "should be determined in light of the prison authorities' current attitudes and conduct." Helling v. McKinney, 509 U.S. 25, 36 (1993). "A prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to

inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).[1]

Here, Plaintiff argues that Defendants were deliberately indifferent to his serious medical need by allegedly failing to treat the injury he suffered on February 9, 2007, when he was punched in the stomach by a cellmate while he was sleeping. The Court disagrees. The only evidence of any injury is Grant's recollection that when he got hit it "hurt real bad." (Grant depo., pp. 11-12). However, even assuming that this is sufficient for a jury to reasonably find that Grant suffered a "serious" injury requiring medical attention, it is undoubtedly insufficient to support a reasonable inference that the Defendants were deliberately indifferent to Grant's supposed need. Not only did Grant fail to communicate his alleged serious injury to Defendants, he repeatedly assured them that he was not injured at all. The deputy thrice asked Mr. Grant "if he was ok" and three times Grant said "yes"; Grant also signed a statement on February 13, 2007, saying: "I Paul Grant Refuse to see the Dr." (DN 27, Exhibit A, Part 2, pp. 4-5). Accordingly, the Court concludes that there is no evidence upon which a jury could reasonably find that Defendants were deliberately indifferent to Grant's serious medical need by not forcing him to receive medical treatment following the February 9, 2007 incident.

---

[1] To be sure, Plaintiff must also show that there was a policy or custom that was the "moving force" behind his alleged constitutional deprivation in order to establish County or official-capacity liability. Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008) (citing Polk County v. Dodson, 454 U.S. 312, 326 (1981)). However, because the Court concludes that there was no constitutional deprivation, it is unnecessary to reach that question.

Plaintiff also argues that Defendants were deliberately indifferent to his serious medical need by failing to provide him with his medications according to the prescribed schedule. The Court, again, must disagree. While Grant has broadly testified that he "didn't get [his medication]," (Grant depo., p. 18), and his wife has stated that "he was not given his prescription medication in a timely fashion, sometimes going for days without various medications," (Betty Grant depo., p. 2), this is insufficient to present a triable question of deliberate indifference. Without evidence showing which medications were delayed, and for how long, it is impossible to say that the risk to Grant was, as he contends, "obviously" serious. See Blackmore v. Kalamazoo County, 390 F.3d 890, 898-99 (6th Cir. 2004); Taylor v. Franklin County, 104 Fed. Appx. 531, 537 (6th Cir. 2004). Nor has Grant alternatively presented "verifying medical evidence" establishing that the delay caused him a serious medical injury.[2] Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir. 2001). As a result, the Court concludes that no reasonable jury could find that Defendants knew of and disregarded an "excessive risk" to Grant's health. Farmer, 511 U.S. at 837.

---

[2] In fact, the only other evidence regarding the delays is the Defendants' admission that the jail was "at times" unable to provide some medication to Grant "exactly as prescribed due to a problem with the supplier for medications." (Defendants' Brief, p. 3 n.2). This in no way supports a finding of deliberate indifference. cf. Stone v. Cheboygan County, 2002 WL 507504, *5 (E.D. Mich. 2002) (granting summary judgment for lack of evidence of deliberate indifference where occasional delays in administration of prisoner's prescribed medication were caused "primarily by the need to obtain refills.").

## IV CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED**. A judgment will be entered consistent with this Opinion.

cc. Counsel of Record.